WILLARD K. TOM                                                  JS-6
General Counsel

Erika Wodinsky
ewodinsky@ftc.gov
Cal. Bar No. 091700
Federal Trade Commission
901 Market St., Ste. 570
San Francisco, CA 94103
Tel: (415) 848-5100
Fax: (415) 848-5184
Attorneys for Plaintiff
Federal Trade Commission

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br><br>        v.<br><br>MAKE YOU FAMOUS CONSULTING, INC.<br>dba A Penbrook Productions, Penbrook<br>Productions, and Process from Home,<br><br>and<br><br>MICHAEL ALLEN BROOKS,<br><br>    Defendants. | CV 09-4579 PA (VBKx)<br><br><br>**FINAL ORDER FOR PERMANENT INJUNCTION AND MONETARY RELIEF** |

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), filed a Complaint for a permanent injunction and other equitable relief against Defendants Make You Famous Consulting, Inc. and Michael Allen Brooks pursuant to Section 13(b) of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. § 53(b). The Complaint alleges that Defendants engaged in acts and practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). The parties have agreed to the entry of this Stipulated Final Order for Permanent Injunction and Monetary Relief ("Order") in settlement of the Commission's

Complaint.  The Court, being advised of the premises, makes the following findings:

## FINDINGS

1.    This Court has jurisdiction over the subject matter of this case and jurisdiction over all parties, and venue in the Central District of California is proper.

2.    The Complaint states a claim upon which relief may be granted under Sections 5(a) and 13(b) of the FTC Act, 15 U.S.C. §§ 45(a) and 53(b), and the Commission has the authority to seek the relief it has requested.

3.    The acts and practices of Defendants were in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.    Defendants waive:

(a)    all rights to seek review or otherwise challenge or contest the validity of this Order;

(b)    any claim Defendants may have against the Commission, its employees, representatives, or agents;

(c)    all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64; and

(d)    any rights to attorneys' fees that may arise under said provision of law.

5.    The Defendants stipulate and agree to this Order, without trial or adjudication of any issue of fact or law, to settle and resolve all matters alleged in the Complaint to the date of entry of this Order.  Defendants do not admit any of the allegations set forth in the Complaint, other than jurisdictional facts, and deny any and all wrongdoing.

6.    Each party shall bear its own costs and attorneys' fees.

7.    Entry of this Order is in the public interest.

**DEFINITIONS**

For purposes of this Order, the following definitions shall apply:

1.      "Individual Defendant" means Michael Allen Brooks, individually and in his capacity as an officer of Make You Famous Consulting, Inc.

2.      "Corporate Defendant" means Make You Famous Consulting, Inc. doing business as A Penbrook Productions, Penbrook Productions, and Process from Home, and its successors and assigns.

3.      "Defendants" means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

4.      "Providing assistance to others" includes, but is not limited to, providing any of the following services to any person or entity:

      a.      Performing customer service functions, including receiving or responding to customer complaints;

      b.      Drafting or supplying or arranging for the drafting of or supplying of a telephone sales script, web page, online offer, or other written marketing material;

      c.      Furnishing names of potential customers or helping collect their names;

      d.      Performing marketing services of any kind;

      e.      Providing credit card merchant processing accounts, or otherwise providing access to a billing and collection system (such as a credit card, checking, savings, or similar account, or debit card) or causing any charges to be made to such an account or utilizing such a system; or

      f.      Acting as an officer or director of, or a consultant to, a business entity.

5.      "Business Opportunity Rule" means the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Business

Opportunities," codified at 16 C.F.R. Part 437, or as it may be amended.

6.      "Business Venture" means any written or oral business arrangement, however denominated, that is covered by the Franchise Rule or the Business Opportunity Rule, or that consists of the payment of any consideration in exchange for:

        a.      The right or means to offer, sell, or distribute goods or services (regardless of whether identified by a trademark, service mark, trade name, advertising, or other commercial symbol); and

        b.      More than nominal assistance, or the promise of more than nominal assistance, to any person or entity (including, but not limited to, referrals to any persons providing or promising location services), in connection with or incident to: (1) the establishment, maintenance, or operation of a new business, or (2) the entry by an existing business into a new line or type of business.

7.      "Franchise Rule" means the FTC Trade Regulation Rule titled "Disclosure Requirements and Prohibitions Concerning Franchising," codified at 16 C.F.R. Part 436, or as it may be amended.

8.      "Work-at-Home Opportunity" means a plan, program, product, or service represented to enable participants or purchasers to earn money while working from home.

9.      "Winding up" of a corporation means, for purposes of this Order, the orderly cessation of all corporate activities, the dissolution of the referenced corporation as permitted by and in compliance with the bylaws of the corporation and the laws of the jurisdiction in which the corporate entity is incorporated, and the provision to the Commission of the reports and/or accounting described in Section III.B.4 below.

10.     The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable sentence or phrase inclusive rather than exclusive.

# I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS HEREBY ORDERED** that Defendants, whether acting directly or indirectly through any corporation, partnership, subsidiary, division, agent, or other device, and their officers, agents, servants, employees, and attorneys, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined:

A.     In connection with the marketing, advertising, promotion, distribution, offer for sale, or sale of any Work-at-Home Opportunity or Business Venture:

    1.     From misrepresenting or providing assistance to others in misrepresenting, expressly or by implication, any material fact including, but not limited to, misrepresentations:

        a.     That purchasers will be provided with training on how to process rebates offered by entities other than such purchasers; and

        b.     Relating to the earnings, income, profits, sales volume, or financial performance likely to be achieved in relation to such Work-at-Home Opportunity or Business Venture; and

    2.     From making any statement or representation relating to the earnings, income, profits, sales volume, or financial performance likely to be achieved in relation to such Work-at-Home Opportunity or Business Venture without:

1              a.   Having a reasonable basis for any such representation at
2                   the time it is made; and
3              b.   Producing materials which constitute a reasonable basis
4                   for such representation to the Federal Trade Commission
5                   upon request;
6     B.   In connection with the marketing, advertising, promotion,
7  distribution, offer for sale, or sale of any other goods or services:
8              1.   From misrepresenting, or providing assistance to others when
9                   Defendants know or consciously avoid knowing that the person
10                  or entity is misrepresenting, expressly or by implication, any
11                  material fact including, but not limited to, misrepresentations
12                  relating to:
13             a.   The total cost to purchase, receive, or use, or the quantity
14                  of, any goods or services that are subject to the sales
15                  offer;
16             b.   Any material restrictions, limitations, or conditions to
17                  purchase, receive, or use the goods or services;
18             c.   Any material aspect of the nature or terms of a refund,
19                  cancellation, exchange, or repurchase policy for the
20                  goods or services; and
21             d.   Any material aspect of the performance, efficacy, nature,
22                  or central characteristics of the goods or services; and
23    C.   In connection with the marketing, advertising, promotion,
24 distribution, offer for sale, or sale of any goods or services from failing to honor
25 any request that complies with any stated cancellation or refund policy.
26 //
27 //
28 //

[Proposed] Final Order re Injunction & Monetary Relief                    Page 6 of 20

## II.

## CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that:

A.     Defendants shall, within fourteen (14) days after service of this Order upon Defendants, deliver to the Commission a list, in the form of a sworn affidavit, of all consumers who paid money to Defendants in connection with any Work-at-Home Opportunity or Business Opportunity which referenced Penbrook Productions, A Penbrook Productions, or Process from Home.  Such list shall include each consumer's name, address, telephone number, and email address, if available, and the total amount of monies paid less any amount credited for returns or refunds; and

B.     Except as provided in this Order, Defendants, and their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are permanently restrained and enjoined from:

       1.     Disclosing, using or receiving any benefit from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any other data that enables access to a customer's account (including a credit card, bank account, or other financial account) of any person which either Defendant obtained prior to entry of this Order in connection with the sale of any Work-at-Home Opportunity; and

       2.     Failing to dispose of such customer information in all forms in their possession, custody or control within thirty (30) days after complying with the requirements of Subsection A of this Section.  Disposal shall be by means that protect against unauthorized access to the customer information, such as by

burning, pulverizing, or shredding any papers, and by

destroying any electronic media, to ensure that the customer

information cannot practicably be read or reconstructed.

**Provided, however,** that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

### III.

### MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.      Judgment is hereby entered against Defendants, jointly and severally, in the amount of seven million six hundred thousand dollars ($7,600,000), *provided, however,* that this judgment shall be suspended and, subject to the provisions of Section IV below, shall be deemed satisfied upon completion of the following conditions:

1.      The transfer of one hundred and twenty five thousand dollars ($125,000) to the Commission or its designated agent within ten (10) business days of the entry of this Order by the Court;

2.      The winding up of Opus Veritas Casualty Company in compliance with the procedures described in Subsection B of this Section;

3.      The transfer to the Commission of all assets (including premiums) held by Opus Veritas Casualty Company at the conclusion of such winding up, such transfer to be made to the Commission or its designated agent within ten (10) business days after such winding up; and

4.      The transfer to the Commission or its designated agent within five (5) business days of receipt by either Defendant of any funds from any reserve account held or maintained by Trans

First in connection with any sales or other transactions by the Corporate Defendant;

B.   The Individual Defendant, as sole shareholder and a director of Opus Veritas Casualty Company, shall

1.   Take all actions necessary for the winding up of Opus Veritas Casualty Company referenced in Subsection A of this Section, including such actions as are necessary to ensure that, no later than 270 days after the entry of this Order, the winding up of Opus Veritas Casualty Company is concluded, *provided however that*, if the winding up is not concluded within 180 days after the entry of this Order, the Individual Defendant shall submit a detailed description of all steps which have been taken to accomplish the winding up and what steps remain to be taken;

2.   Upon entry of this Order, cease and desist from offering, directly or indirectly or through any corporation, partnership, subsidiary, division, agent, or representative any program of insurance or any warranty that references or is connected in any way with Opus Veritas Casualty Company;

3.   Before he or any entity he owns or controls agrees to perform additional services for any customer who previously received a certificate of insurance from Opus Veritas Casualty Company or was otherwise notified of the availability of this insurance, provide written notice to such customer that such insurance is not available as insurance, warranty, or other security for any future agreements to provide service;

//

//

4.  Provide to the Commission an audited accounting showing all payments made by Opus Veritas Casualty Company to any person on or after August 27, 2009, identifying that person by name, address, and telephone number, and describing in detail the reason for the payment; *provided however that*, in lieu of an audited accounting, Defendants may provide one or more reports prepared by an independent accountant showing all payments made by Opus Veritas Casualty Company to any person on or after August 27, 2009, identifying that person by name, address, and telephone number, and describing in detail the reason for the payment.  Such reports shall be submitted to the Commission every 60 days from the date of entry of this order until the winding up is completed.  *Provided further that*, if the amount of funds remaining in Opus Veritas Casualty Company after winding up is completed is less than $200,000, Defendants must provide an audited accounting as described in this Section; and

5.  Provide to the Commission, upon the conclusion of the winding up of Opus Veritas Casualty Company, a sworn statement confirming that no monies have been paid and no premiums returned to any Defendant or any corporation, partnership, subsidiary, division, or other entity owned or controlled by any Defendant, or to any present or former agent, representative, servant, employee, relative, or partner of any Defendant, directly or indirectly or for any Defendant's benefit, except in accordance with Subsection A of this Section; *provided further that* any fees paid to accomplish the winding up shall be reasonable and shall not be paid to any Defendant or any corporation, partnership,

subsidiary, division, or other entity owned or controlled by any Defendant, or to any present or former agent, representative, servant, employee, relative, or partner of any Defendant, directly or indirectly or for any Defendant's benefit, except that legal fees associated solely with the winding up may be paid as long as no such fees are remitted to either defendant, directly or indirectly;

C.      Any funds received by the Commission pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to consumer redress and any attendant expenses for the administration of any redress funds.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief, including but not limited to consumer information remedies, as the Commission determines to be reasonably related to the practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the U.S. Treasury as equitable disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies or the manner of distribution;

D.      Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A);

//

//

[Proposed] Final Order re Injunction & Monetary Relief          Page 11 of 20

E.      The judgment entered pursuant to this Section of this Order is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture;

F.      Defendants relinquish all dominion, control and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand return of the funds, directly or indirectly, through counsel or otherwise;

G.      Upon request, Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the Commission their tax identification numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order; and

H.      Pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer report concerning any Defendant to the Commission, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of this Order.

## IV.  RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that the Commission's agreement to, and the Court's approval of, this Order are expressly premised on the truthfulness, accuracy and completeness of Defendants' financial statements previously submitted to the Commission: the financial statement of Michael Allen Brooks, dated August 28, 2009; the financial statement of Make You Famous Consulting, Inc., dated August 26, 2009; the financial statement of Business Resources International, Inc., dated August 28, 2009; the financial statement of Transaction Management & Solutions, Inc., dated August 28, 2009; and the financial statement of Merchant Group USA, Inc., dated August 28, 2009.  If, upon motion by the Commission, the Court finds that the financial statement of any Defendant or any entity owned and controlled by any Defendant listed above contains any material misrepresentation or omission, the suspended judgment entered in Section III, above, shall become immediately due and payable as to that Defendant, less any

amounts turned over to the Commission pursuant to Section III, above; *provided, however,* that in all other respects this Order shall remain in full force and effect unless otherwise ordered by the Court; and, *provided further*, that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the Commission may initiate to enforce this Order.  For purposes of this Section IV,  Defendants waive any right to contest any of the allegations in the Complaint.

## V.  COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order and (ii) investigating the accuracy of any Defendants' financial statement upon which the Commission's agreement to this Order is expressly premised:

A.     Within ten (10) days of receipt of written notice from a representative of the Commission, Defendants each shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each such Defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, the Commission is authorized to use all other lawful means, including but not limited to

        1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69; and

        2.     having its representatives pose as consumers and suppliers to Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.      Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

**Provided, however,** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VI.  COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored,

A.      For a period of three (3) years from the date of entry of this Order,

1.      The Individual Defendant shall notify the Commission of the following:

a.      Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b.      Any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the date of such change.  Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

c.      Any changes in his name or use of any aliases or

1  fictitious names within ten (10) days of the date of such
2  change; and
3  2.   Defendants shall notify the Commission of any changes in
4  structure of the Corporate Defendant, or any business entity
5  that the Individual Defendant directly or indirectly controls, or
6  has an ownership interest in, that may affect compliance
7  obligations arising under this Order, including but not limited
8  to:  incorporation or other organization; a dissolution,
9  assignment, sale, merger, or other action; the creation or
10  dissolution of a subsidiary, parent, or affiliate that engages in
11  any acts or practices subject to this Order; or a change in the
12  business name or address, at least thirty (30) days prior to such
13  change, *provided* that, with respect to any proposed change in
14  the business entity about which a Defendant learns less than
15  thirty (30) days prior to the date such action is to take place,
16  such Defendant shall notify the Commission as soon as is
17  practicable after obtaining such knowledge;
18  B.   One hundred eighty (180) days after the date of entry of this Order,
19  and annually thereafter for a period of five (5) years, Defendants each shall
20  provide a written report to the FTC, which is true and accurate and sworn to under
21  penalty of perjury, setting forth in detail the manner and form in which they have
22  complied and are complying with this Order.  This report shall include, but not be
23  limited to,
24  1.   For the Individual Defendant:
25  a.   his then-current residence address, mailing addresses,
26  and telephone numbers; and
27  b.   his then-current employment status (including self-
28  employment), including the name, addresses, and

telephone numbers of each business that he is affiliated

with, employed by, or performs services for; a detailed

description of the nature of the business; and a detailed

description of his duties and responsibilities in

connection with the business or employment; and

    2.    For both Defendants:

        a.    a copy of each acknowledgment of receipt of this Order,

obtained pursuant to the Section VIII of this Order; and

        b.    any other changes required to be reported under

Subsection A of this Section;

    C.    Each Defendant shall notify the Commission of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing;

    D.    For the purposes of this Order, Defendants shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address:

Associate Director for Enforcement
Federal Trade Commission
600 Pennsylvania Avenue, N.W., Room NJ-2122
Washington, D.C. 20580
RE:   *FTC v. Make You Famous Consulting, Inc., et al.*

*Provided* that, in lieu of overnight courier, Defendants may send such reports or notifications by first-class mail, but only if Defendants contemporaneously send an electronic version of such report or notification to the Commission at: DEBrief@ftc.gov; and

    E.    For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with each Defendant.

## VII.  RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the

date of entry of this Order, in connection with the sale or marketing of any Work-at-Home or Business Opportunity, Defendants, directly or through any partnership, corporation, subsidiary, division, or other device, and their officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting:  the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by Sections VIII and IX of this Order, and all reports submitted to the FTC pursuant to Section V of this Order.

//

//

## VIII.  DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.    The Corporate Defendant  must deliver a copy of this Order to (1) all of its principals, officers, directors, and managers; (2) all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order (the marketing, advertising, promotion, distribution, offer for sale, or sale of any Work-at-Home Opportunity or Business Venture, or the implementation or fulfillment of any stated cancellation or refund policy); and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of Section VI of this Order.  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any change in structure set forth in Subsection A.2 of Section VI, delivery shall be at least ten (10) days prior to the change in structure;

B.    For any business that the Individual Defendant controls, directly or indirectly, or in which the Individual Defendant has a majority ownership interest, he must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order (the marketing, advertising, promotion, distribution, offer for sale, or sale of any Work-at-Home Opportunity or Business Venture, or the implementation or fulfillment of any stated cancellation or refund policy); and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of Section VI.  For current personnel, delivery shall be within five (5) days of service of this Order upon the Individual Defendant.  For new personnel, delivery shall occur prior to them assuming their responsibilities.  For any business entity resulting from any

change in structure set forth in Subsection A.2 of Section VI, delivery shall be at least ten (10) days prior to the change in structure;

C.     For any business where the Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, the Individual Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct; and

D.     Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section VIII.

## IX.

## ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that each Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## X.

## DISSOLUTION OF PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that, upon entry of this Order, the preliminary injunction entered in this matter on August 11, 2009, shall be dissolved.

# XI.

## RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

**IT IS SO ORDERED.**

Dated: February 10, 2010

_____
The Honorable Percy Anderson
United States District Judge